**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONNA LEE MAY,**

                             **Plaintiff,**

   vs.                                                     **1:09-cv-571**
                                                                **(MAD/VEB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                             **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**LEGAL AID SOCIETY OF**            **MARY MARTHA WITHINGTON, ESQ.**
**NORTHEASTERN NEW YORK**
112 Spring Street
Suite 109
Saratoga Springs, New York 12866
Attorneys for plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **MICHELLE L. CHRIST, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for defendant


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Specifically, plaintiff alleges that the Administrative Law Judge's

("ALJ") decision denying her application for benefits was not supported by substantial evidence and was contrary to the applicable legal standards. The Commissioner disagrees.

On May 24, 2011, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that this Court remand the Commissioner's decision for failure to develop the record properly by obtaining a consultative psychological or psychiatric evaluation. *See* Dkt. No. 18 at 13.

Currently before the Court is Magistrate Judge Bianchini's Report and Recommendation to which the Commissioner has filed objections.

## II. BACKGROUND

Plaintiff initially filed for SSI and DIB benefits on March 21, 2005, alleging disability beginning on February 25, 2005. *See* Administrative Record ("AR") at 77-80, 297-99. Plaintiff alleged disability due to several impairments, including hereditary blindness in her right eye, significant blindness in her left eye, headaches, depression, anxiety, carpal tunnel syndrome, a possible diagnosis of Lupus,[1] and osteoarthritis. The applications were denied. *See id.* at 32-35, 300-04.

Plaintiff timely requested a hearing, which was held in Johnstown, New York, on August 7, 2008, before ALJ Terence Farrell. *See id.* at 36-38, 343-78. Plaintiff, represented by counsel, appeared and testified. *See id.* at 351-52, 361-78. Robert Adler, a medical expert, also testified.

---

[1] The only evidence of Lupus was submitted directly to the Appeals Council and was, therefore, not available at the time of the ALJ's decision. *See* AR at 5. The evidence submitted to the Appeals Council also fails to contain a definitive diagnosis of Lupus, only that a diagnosis was being considered. *See id.* at 334-35. The Court assumes, however, as did Magistrate Judge Bianchini, that plaintiff is contending that this possible diagnosis of Lupus also contributes to her alleged disability.

2

*See id.* at 352-61.  On September 25, 2008, the ALJ issued a decision finding plaintiff not disabled.  *See id.* at 14-25.  Plaintiff filed a request for review of that decision.  *See id.* at 10.  The ALJ's decision became the Commissioner's final decision on March 13, 2009, when the Appeals Council denied plaintiff's request for review.  *See id.* at 6-9.

On May 15, 2009, plaintiff, through counsel, timely commenced this action.  *See* Dkt. No. 1.  The Commissioner interposed an answer on January 4, 2010.  *See* Dkt. No. 10.  Plaintiff filed a supporting brief on February 18, 2010, *see* Dkt. No. 12, and the Commissioner filed a brief in opposition on May 20, 2010, *see* Dkt. No. 15.

On May 24, 2011, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommends that this Court "remand for failure to properly develop the record by obtaining a psychological or psychiatric evaluation."  *See* Dkt. No. 18 at 13.  On June 7, 2011, the Commissioner filed objections to Magistrate Judge Bianchini's Report and Recommendation, arguing that the ALJ was only required to obtain additional evidence if he could not decide whether plaintiff was disabled based on the existing evidence.  *See* Dkt. No. 19 at 2.  Since the ALJ had "sufficient medical records concerning plaintiff's mental health," none of which indicated that plaintiff had a severe mental impairment, the Commissioner argues that "the ALJ [wa]s under no obligation to seek additional information."  *See id.* (citing *Rosa v. Callahan*, 168 F.3d 72, 79, n.5 (2d Cir. 1999)).

### III. DISCUSSION

A.   **Standard of review**

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the

3

decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility for benefits, an ALJ makes the actual disability determination; and that decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that there is substantial evidence to support the ALJ's decision.  *See id.* (citing [*Johnson*, 817 F.2d] at 986).  Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

  A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports the decision.  *See* 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quotations omitted).  It must be "'more than a mere scintilla'" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

  When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections.  *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted).  When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error.  *See id.* at 306 (citation omitted); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

**B.     Analysis**

*1. Disability determination*

To be eligible for benefits, a claimant must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 42 U.S.C. § 423(d)(1)(A).  The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner is required to perform a five-step sequential analysis to determine whether an individual is disabled as defined under the Social Security Act.  *See* 20 C.F.R. § 416.920.

> "The first step in the sequential process is a decision whether the claimant is engaged in 'substantial gainful activity.'  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a), (b), 416.920(a), (b) (1983). If not, the second step is a decision whether the claimant's medical condition or impairment is 'severe.'  If not, benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the impairment is 'severe,' the third step is a decision whether the claimant's impairments meet or equal the 'Listing of Impairments' set forth in subpart P, app. 1, of the social security regulations, 20 C.F.R. §§ 404.1520(d), 416.920(d).  These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment.  If a claimant's condition meets or equals the 'listed' impairments, he or she is conclusively presumed to be disabled and entitled to benefits. If the claimant's impairments do not satisfy the 'Listing of Impairments,' the fourth step is assessment of the individual's 'residual functional capacity,' *i.e.,* his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work.  If the residual functional capacity is consistent with prior employment, benefits are denied.  20 C.F.R. §§ 404.1520([e]), 416.920(e).  If not,

5

> the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform 'alternative occupations available in the national economy.' *Decker v. Harris,* 647 F.2d 291, 298 (2d Cir. 1981); 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, benefits are awarded."

*Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995) (quotations omitted). Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth step. *See Bowen*, 482 U.S. at 146 n.5.

### *2. The Commissioner's decision*

In his decision denying plaintiff's application, the ALJ first found that plaintiff met the insured status requirements of the Act through December 31, 2008, and that she had not engaged in substantial gainful activity since her alleged onset date of February 25, 2005. *See* AR at 16. At step two, the ALJ found that plaintiff's "hereditary blindness in right eye, vision loss in left eye, status post carpal tunnel release procedure of left wrist and osteoarthritis of both hands" are severe impairments. *See id.* at 17 (citing 20 CFR 404.1520(c) and 416.920(c)). At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. *See id.* at 18. The ALJ then found that plaintiff retained the

> residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift, carry, push or pull 20 pounds; can frequently lift, carry, push or pull 10 pounds; can stand or walk for about 6 hours in an 8-hour workday; and can sit for about 6 hours in an 8-hour workday, but should avoid occupations requiring good depth perception.

*See id.* at 19. Moreover, the ALJ found that plaintiff's subjective complaints were "not credible to the extent they are inconsistent with the residual functional capacity assessment." *See id.* at 20. Finally, the ALJ found that plaintiff was able to perform her past work as an assembler, as she

6

actually performed it, and that she was not under a disability at any time through the date of his decision. *See id.* at 23-24.

### *3. Magistrate Judge Bianchini's Report and Recommendation and the Commissioner's objections*

In his May 24, 2011 Report and Recommendation, Magistrate Judge Bianchini recommended that this Court remand this action back to the ALJ because the ALJ failed to obtain a psychological evaluation. *See* Dkt. No. 18. Magistrate Judge Bianchini noted that, although Dr. Nickel and Dr. Chung, both ophthalmologists, found that plaintiff's vision in her left eye is worse than the 20/200 threshold for disability, they were unable to identify a physical source for the vision loss "because the objective tests were largely unremarkable." *See id.* at 7-8. However, Dr. Feldon, Dr. Chung, and Dr. Gabriels, the SSA consultative examining ophthalmologist, all noted that plaintiff's poor vision could be due to "'hysteria or psychosomatic issues.'" *See id.* at 8. Further, Dr. Adler testified at the hearing that plaintiff's vision loss could be due to functional vision loss ("FVL").[2] *See id.* Magistrate Judge Bianchini found that the record was unclear whether plaintiff underwent psychological testing or whether Dr. Chung accepted a diagnosis of FVL. *See id.* at 8-9. As such, Magistrate Judge Bianchini recommended that the Court find that a consultative evaluation was necessary because, if plaintiff's vision loss results from a mental impairment such as FVL, it would qualify her for a disability rating under the Listings. *See id.* at 9. He noted that such an evaluation was particularly important in the present matter because the

---

[2] "FVL (functional vision loss) is 'an apparent loss of visual acuity or visual field with no substantiating physical signs; often due to a natural concern about visual loss combined with suggestibility and a fear of the worst.'" *See* Dkt. No. 18 at 8 n.7 (quoting Stedmans [Medical Dictionary,] 437160 [(27th ed. 2000)]).

7

ALJ questioned plaintiff's credibility, thereby making cause "the central focus of a determination of disability." *See id.* at 10.

On June 7, 2011, the Commissioner filed objections to Magistrate Judge Bianchini's Report and Recommendation. *See* Dkt. No. 19. Specifically, the Commissioner argues that, "[a]lthough the ALJ must attempt to fill in any 'clear gaps' in the administrative record, 'where there are no obvious gaps . . . and where the ALJ already possesses a "complete medical history,"' the ALJ is under no obligation to seek additional information." *See id.* at 2 (quoting *Rosa v. Callahan*, 168 F.3d 72, 79, n.5 (2d Cir. 1999)). The Commissioner asserts that the ALJ had before him sufficient medical records concerning plaintiff's mental health and that they did not support plaintiff's claim that she had a severe mental impairment. *See id.* Additionally, the Commissioner contends that, although Dr. Holtz referred plaintiff to counseling, she never followed through with this recommendation, which undermines her credibility. *See id.* at 2-3 (citations omitted). Moreover, the Commissioner asserts that Magistrate Judge Bianchini erred in finding that the ALJ "'failed to resolve uncertainties concerning the underlying cause or causes of Plaintiff's vision loss,'" because "it was plaintiff's burden to establish that her alleged vision loss in the left eye satisfied the criteria of a listed impairment." *See id.* at 4-5 (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. Part 404, Subpart P, Appendix 1).

### *4. Application*

Pursuant to the Social Security regulations, the ALJ has discretion to order a consultative examination where he deems that it is warranted. *See Serianni v. Astrue*, No. 6:07-CV-250, 2010 WL 786305, *5 (N.D.N.Y. Mar. 1, 2010) (citing *Hughes v. Apfel*, 992 F. Supp. 243, 248 (W.D.N.Y. 1997) (citing 20 C.F.R. § 404.1517))). "Several courts have held, however, that in

8

fulfilling the duty to conduct a full and fair inquiry, an ALJ is required to order a consultative examination where the record establishes that such an examination is necessary to enable the ALJ to render a decision." *Id.* (citations omitted). The regulations require that the ALJ must generally order a consultative examination when "[a] conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved." *Id.* (quoting *Matejka*, 386 F. Supp. 2d at 209) (other citations omitted); *see also Cruz v. Shalala*, No. 94 Civ. 0929, 1995 WL 441967, *5 (S.D.N.Y. July 26, 1995). "An ALJ is not obligated to send a litigant for a consultative examination if the facts do not warrant or suggest the need for such an examination." *Id.* (citing *Cruz*, 1995 WL 441967, at *5). "Where a plaintiff suggests a possible mental impairment, but no treatment has been recommended or received, the ALJ must assess whether there is any evidence of work-related functional limitations resulting from the possible mental impairment." *Id.* (citing *Haskins v. Comm'r of Soc. Sec.*, 2008 WL 5113781, at *7, n.5 (N.D.N.Y. 2008)).

In the present matter, Magistrate Judge Bianchini correctly found that a consultative psychological or psychiatric examination was necessary. The evidence before the Court demonstrates that Dr. Chung, Dr. Nickel, Dr. Gabriels, Dr. Feldon, and Dr. Adler all found that plaintiff suffered from significant vision loss in her left eye, but that none of them were able to identify a physiological cause for the condition. *See* Dkt. No. 18 at 7-9 (citations omitted). Additionally, these doctors all opined that plaintiff's condition could be caused by some sort of "hysteria or psychosomatic issues," or "FVL" caused by a "psychological" or "mental problem." *See* AR at 218, 244-45, 251, 263-65, 355.

Unlike the cases that the Commissioner relies on, in the present matter, the record was clearly insufficient for the ALJ to make a determination on plaintiff's application. Considering plaintiff's doctors' inability to provide an objective medical reason for plaintiff's vision loss and

9

their combined opinions that plaintiff's condition could be caused by FVL or some other psychological issue, the Court finds that Magistrate Judge Bianchini correctly found that the ALJ failed "to properly develop the record by obtaining a psychological or psychiatric evaluation." *See* Dkt. No. 18 at 13; *see also Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (holding that the ALJ has an affirmative duty to develop the record "in light of the essentially non-adversarial nature of a benefits proceeding"); *see also Blabac v. Comm'r of Soc. Sec.*, No. 3:08-cv-849, 2009 WL 5167650, *7 (N.D.N.Y. Dec. 18, 2009) (remanding to the ALJ because "the ALJ erred in failing to obtain a current psychiatric consultative examination to evaluate his mental functioning" (citations omitted)).

Moreover, contrary to the Commissioner's contention, Magistrate Judge Bianchini gave Dr. Raymond's "mental medical opinion" appropriate deference in light of the facts of this case. *See* Dkt. No. 18 at 8 n.9; Dkt. No. 19 at 4.  Although Dr. Raymond, as a "State agency psychological consultant, . . . is a highly qualified individual and an expert in the evaluation of medical issues in disability claims under the Act," *see* Dkt. No. 19 at 4, his opinion does not take "into account Plaintiff's FVL because Plaintiff's ophthalmologists began questioning that diagnosis after the mental medical opinions were generated."  *See* Dkt. No. 18 at 8 n.9.  As such, the ALJ did not have a sufficient basis to determine that plaintiff did not have a severe mental impairment because Dr. Raymond's "mental medical opinion" does not discuss or even consider FVL or other mental impairments as a potential cause of plaintiff's vision loss.

Further, Magistrate Judge Bianchini correctly concluded that "it is not clear from the record whether plaintiff did indeed have a medically determinable impairment (such as FVL)." *See* Dkt. No. 18 at 11.  The court correctly held "that the ALJ erred in failing to further investigate the potential for a non-organic cause of Plaintiff's vision loss." *See id.*  Although the

Commissioner correctly asserts that plaintiff has the burden of establishing that she has a medically determinable impairment, the ALJ has an affirmative duty to develop the record; especially when, as in the present matter, "[a] conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved." *Serianni*, 2010 WL 786305, at *5 (quotation and other citations omitted).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Bianchini's Report and Recommendation, plaintiff's objections, and the applicable law, and for the reasons stated in Magistrate Judge Bianchini's Report and Recommendation as well as in this Memorandum-Decision and Order, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's May 24, 2011 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying plaintiff's application for benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[3] for further proceedings consistent with Magistrate Judge Bianchini's Report and Recommendation.

**IT IS SO ORDERED.**

Dated: June 21, 2011
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).